which is Anderson v. Wilco Life Insurance Company, 20-13482. We have Mr. McCallum here for the appellant, Mr. Scherz, Scherz, very well, for the appellee. Mr. McCallum, when you're settled and ready, fire away. Good morning, Your Honors. Charles McCallum on behalf of the appellant, Vanessa Anderson. May it please the Court. This is a cost of insurance case wherein it is alleged that the insurance company improperly increased the cost of insurance rates based upon factors not described in the policy. The case was, in our view, wrongly dismissed for failure to study the claim. The trial court found the based on language only applied to the guaranteed maximum cost of insurance rates. Now, this policy, the provision we suit on, states actual monthly cost of insurance rates will be determined by the company based on the policy cost factors described in your policy. Can I ask you a quick question? Why isn't the fairest reading of that language that this is just sort of a boilerplate phrase in the policy that basically says, keep reading, and you'll figure out how the cost of insurance is going to work? Well, I think it specifically describes, Judge Newsom, that, yeah, your actual monthly cost, the factors that go into it are going to be described in your policy. It tells the layperson insured that, hey, read your policy. It might say, go on an Easter egg hunt and look for policy cost factors, but the policy says what it says. Actual monthly cost of insurance rates will be described in the policy. That's what it says. But doesn't the policy then say that the current monthly cost of insurance rates will be determined by the company? It certainly does, but that is a general statement. This is a specific statement, Your Honor. Judge Branch, this states it will be based upon the policy cost factors described in the policy. Actually, that's not specific. It says it will be described to keep going. Okay. So we have to go to the policy to see where it's described. I mean, my layperson insured is going to look at this policy and say, I need to read this policy and see what it says about policy cost factors. That's the only way to get to it. That's the only way to interpret this policy. So your point, your response to my question is you're right, Newsom. It does say keep reading, but it says keep reading with an eye out for something called policy cost factors or something that looks like policy cost factors. And as you keep reading, the only sort of factors that I can find are this age, sex, and whatever the third one was. Yes. And I would say the insurance company has not pointed out any other policy cost factors. Okay. They've not come before this court or the trial court and said, oh, look at these other policy cost factors. Now, from the Third Circuit to other circuits, they've recognized age and sex are policy cost factors. So your layperson insured reading this, sex, age, policy cost factors. I mean, the insurance company is the one that drafted this and said the factors are going to be described in this policy. I don't think the language, Judge Newsom, on page 13 can undo the language on page 4. And I'll tell you why. Number one, it conflicts. There's an internal conflict between page 4 and page 13. They say different things. Page 4 says policy cost factors will be described in the policy. Page 14 just says, hey, you know, the company will determine it. And your point, I guess, in response to Judge Branch's question, is the bit that says that the company will determine and, like, don't worry, it won't be higher than the guaranteed rate, your response is those aren't really cost factors. Those may be indicative of something, but they're not cost factors. Will be determined implies discretion. Discretion is not a policy cost factor. Okay? Discretion's never been recognized by any court anywhere as a policy cost factor. That would be a whole new term that's brought in to pricing a policy. I mean, why do you have language in this policy saying we are going to describe the policy cost and then not describe it? It makes it internally inconsistent. Now, courts, when there's an internal inconsistency, have rules of construction. The first provision controls over the second provision. So page 4 controls over page 13. I'll ask you a quick question. On your reading, what does the language on page 13 do? The language on page 13 that says the company will determine, what does that really do? I mean, I guess, of course, the company will determine. What is that language doing? Okay. I don't think it excises the language on page 4 to start with, Judge Newsom. I mean, does that go back and modify that was said on page 4? I don't think so. I don't think that's how you can interpret a contract. You've already said on page 4, policy costs can be described in the policy. Why do you have to repeat that on page 13? Yes, I'm just wondering, would the policy read exactly the same on your understanding if the phrase on page 13 didn't exist? Does the phrase on page 13 do anything? No. Okay. I think it's inconsistent. I think everybody agrees it's inconsistent. So we need to see, decide which provision controls the other. And that's where we have argued internal inconsistencies. First provision controls over the second provision. I mean, that's a horn book principle. That's not made up. That's a horn book. Secondarily, it's also, we say it's more, page 4 is more specific because it tells the insured that the policy cost factors are going to be described in the policy. We're going to describe it for you. Okay. I do think that's more specific than to say we're going to determine. I mean, if this language only had the language on page 13, hey, there's no doubt the court ruled correctly and followed the Baymiller case and followed the case in Kauffman. That language was only contained, based on language was only contained in the guaranteed monthly cost of insurance section. Okay. But the court, to arrive at its conclusion, had to state the actual, you know, page 4 did not exist. Let me ask this. To what extent does your position here bottom on this interpretive principle that exists in the law generally, if I'm pronouncing it incorrectly, you can correct me, contra profferentum, which as I understand is codified in Georgia law. At the end of the day, are you saying, look, I think I've got the better of the argument, but to the extent there's some debate here, you've got to construe it against the insurer. Is that where your argument really lands? I think, at a minimum, it's ambiguous about what policy costs relate to the monthly cost of insurance rates. At a very minimum. You know, you need to remember, the insurance company picked this language up. I mean, they decided to say, hey, we're going to describe the policy cost factors in your policy. Now, I think in any other insurance situation, contract, when an insured says they're going to describe something, they intend what they mean. We are going to describe it. What about their argument, though, that you're asking us to kind of change lanes? That it's true that if you're looking for something that looks like policy cost factors, the only ones are the three listed. But they are listed in a guaranteed rate clause. And you're saying, I want to use those factors to describe an actual cost. I'm welcome to look at any other policy cost factors somebody can come up with. I mean, those are the ones I saw. I mean, those are the ones that jump off the page to me. I'm not saying those are the exclusive ones, necessarily. If somebody else wants to come up with a policy cost factor someplace else in policy, that's fine. But it's not stated in the policy anywhere, Your Honors, that discretion is a policy cost factor. Let me ask you this. So on page 13, under the cost of insurance rates, you have a paragraph that talks about the guaranteed monthly cost of insurance rates and then the current monthly cost of insurance rates. If you go back to page 4, where you have the table for the guaranteed monthly cost of insurance rates, which has specified the policy cost factors, and it's given you this table, and according to this policy, these are the maximum rates. So why don't we say you've got the guaranteed monthly cost of insurance rates, you've got the table here, that's what applies. Of course it's been going up over time. We told you it would go up over time. Well, Judge Prance, my response would be that. I mean, the actual monthly cost of insurance is different than the guaranteed monthly cost. Well, it might be. We know that it's not going to exceed the guaranteed monthly. But your client's gripe is that it's been going up over time. We have the table here with the policy cost factors. Judge Prance, my response to that would be the table of guaranteed monthly cost of insurance rates is what it is. That's the maximum you can charge. If our actual experience, if our actual monthly rates are less than the guaranteed, we're going to charge you much less. I mean, it's just a . . . The guaranteed rates are determined based on the insured sex, attained age, and premium class on the date of issue. So, it has used policy cost factors. Correct, it does. Yes. Correct. So, we've got a table in here that does use those policy cost factors. But you don't want us to be using the table as the actual monthly cost. They're different things, Judge Brante. Well, I know. They're two different paragraphs on page 13. So, I'm just trying to . . . So, the end result is we do have one of these determined by policy cost factors. Why aren't we using that? Well, I believe you have to look for the policy if you're going to follow the language of the policy. I believe you have to look at the language of the policy where it says the actual monthly cost of insurance rates will be determined by the company based on the policy cost factors described in the policy. So, your first step in interpreting this policy,  you have to read the policy. You're telling the insured, hey, we're going to describe the actual monthly policy cost factors in the policy. So, again, an average layperson, insured, I'm not talking about judges. I'm not talking about lawyers. I'm talking about an insured. An insured's going to think, okay, they're going to describe the policy cost factors. They're based on my actual monthly cost. There's no other logical way to interpret this policy. Okay, great. We have your opening argument. You've got five minutes for rebuttal, Mr. McCallum. Thank you. Mr. Scherz, you're up. May it please the court. In my argument today, I plan to discuss two points as to why the district court orders dismissing the matter should be affirmed. First, in her complaint, Ms. Anderson incorrectly argued that the policy contract only permits cost of insurance rates to be adjusted solely and exclusively on three factors, the insured's sex, attained age, and premium class on the date of issue. The district court rejected this argument and properly held that the policy was unambiguous on its face because, among other things, the policy has a specific provision addressing the current monthly cost of insurance rates, and that specific phrase precludes the construction offered by Ms. Anderson. So, all right, let me push back a little bit. You don't deny, I assume, that the provision on page 4 under the table says that actual monthly cost of insurance rates will be determined based on the policy cost factors described in the policy, right? You don't dispute that. If the policy cost factors aren't age, sex, and whatever the third one is, I keep forgetting it, premium class, age, sex, premium class, what are they? It says look to policy cost factors. I'm looking at the policy. I'm looking for cost factors. Those are the only three things that look like policy cost factors to me. Yes, Your Honor, let me explain that, and I want to put that language in context. So if we look to page 4, what is page 4? It is very specific and very concise about what the guaranteed cost of insurance rates are. In fact, that's the title of the document. It lists out the specific rates per year, and it talks about how are you coming up with it, and then there's this sentence that you're asking about, Your Honor, and our point is that this is a signpost. This is saying, hey, we've set out these guaranteed rates. Now, if you want to know the actual rates, look to the rest of the policy for the explanation. But specifically, look to the rest of the policy for something that is called or looks like a policy cost factor. Right, and so this is a general phrase because it used described, not defined, and then it uses the term policy cost factors. Now, Your Honor, the one thing I want to point out is policy cost factors, it's not a defined term. It's not a term of art. It's not a technical term. Is it reasonably read? As Mr. McCallum says, the Third Circuit, in a case that I'll have to confess, as I'm sitting here today, I'm not even aware of or have forgotten, has used age and sex as something called a policy cost factor. Your Honor, Ms. Anderson, Mr. McCallum's interpretation is not reasonable, and in our brief, we talk about five reasons. Well, just talk to me about the Third Circuit case or whatever. Did the Third Circuit hold in some case that age and sex are policy cost factors? Your Honor, in those cases that they rely on, there's Fleischer, there's Feller, all of those cases are different and distinguishable because in those cases, if you look at all of them, and we talk about it in our brief, they all say current monthly cost of insurance rates will be determined by the company based on age, premium class, sex, and it goes on to different issues. But do they use this label, policy cost factor? They do not, Your Honor. They do not. That is not a term that you see in the case law. It's not something you see in the insurance industry or in insurance law, and so... So if they're not terms of art, then ordinarily understood policy cost factors, when I think of factors, I think of sort of like lists of conditions or something. So where are the lists? What list of conditions are you pointing to? He's pointing to age, sex, and premium class. What are you pointing to? Yes, Your Honor, and I'll address that with my five points in that. And I'd like to point out that Ms. Anderson is not only saying that the court should look at these three items, she also is saying that those are exclusive, right? Her breach of contract is dependent on the argument that those are exclusive, and here's why they're not. First, what I'd like to point out in our argument is if the court needs to look to policy cost factors, there are two of them in the current monthly cost of insurance rate provision. Okay, good. So what are they? So the one is that they will not exceed the guaranteed rates. The second factor is the court, the company, may exercise its discretion to provide a lower rate. Those just don't, I have to confess, those just don't sound like factors to me. Well, Your Honor, the factor is not a specific term. It's a general term. It's basically any elements that lead to the conclusion or lead to the calculation, and those are factors in that definition. I mean, I guess the analogy would be we in courts, we have to suffer through multi-factor balancing tests, and so that would be if we said something like the First Amendment claim is based on the following four factors, A, B, C, and D, and A is something fairly specific, B is something fairly specific, C is something fairly specific, and D is like do whatever you want. Decide it however you want. That's just like, I don't know. It just doesn't seem like a factor to me to say do it how you want. Well, Your Honor, we've pointed out to cases where they say that you can't have a clause that gives discretion, and we cite to Baymiller and Kaufman and Sterrett and Cromwell where the court has recognized this language as determined by the company by itself, where it's there by itself. That is a contractual term of art. That is something that has been recognized, and that's something that the court should uphold. It's in the contract. So speaking for myself, I certainly don't dispute that you could write a policy that says we'll determine the rates however we doggone want to. That's just not the policy you wrote here. You wrote here a policy that says we're going to do it according to policy cost factors, and I'm just not really sure that's the same thing as saying we can do it however we want to. Well, Your Honor, and I would contend that that's what that provision was intended to do. It's very specific and it stands alone. If you look how the policy is structured, it's a descriptive funnel. It goes from general to specific. And the second point I'd like to point out why their contention, their argument is not a reasonable construction, is the way it's structured. If you look at the guaranteed cost of insurance rate, monthly rate provision, that is separate from the current monthly cost of insurance rate section. They're intended to be separate. They're addressed separately. And for Ms. Anderson to prevail, for her construction to be reasonable, again, I want to point out she is arguing those are exclusive. That is all that you can rely on. Otherwise, there's no breach. And that's our point is there's not a breach of this contract because that provision does not state that those three terms, sex, attained age, and premium class are exclusive. And if you look at the policy, how it's structured, that's obvious. Look to the cost factors in the current rate. You look to the guaranteed provision. Those are not exclusive. And then you look to three other factors that show that Ms. Anderson's construction is not reasonable. Can I ask you a quick question just about your sort of based on as non-exclusive argument? Does that mean if we had here a dispute before us about the guaranteed rate provision, not about the actual rate provision, but about the guaranteed rate provision, so there was no lane changing in the way that you contend is being argued for here, that you would say that maybe it's your position as a company that the guaranteed monthly cost of insurance rates can be based or are based on the insured sex, attained age, and premium class on the date of issue and anything else we choose to use, right? Because you're saying those are not exclusive even as to the guaranteed provision. So the guaranteed rate also is age, sex, premium class, and whatever? Well, Your Honor, what I would say is they're not exclusive. And let me walk the court through why that is. I've got three points of why that would not be a reasonable construction that these are exclusive factors. One is the slam dunk case, which came out recently out of the 11th Circuit. And the slam dunk case held that the phrase based on, and then these factors, is not exclusive. Do I remember correctly, and you can certainly steer me back on track if I'm off track, but in the slam dunk case, weren't there based on, sort of almost like competing based on clauses that dealt with different factors? And do we have that here? Yes, you do, Your Honor, and that was going to be one of my next points, is that if you look at this phrase, right, based on sex, attained age, and premium class, you cannot come up with a numerical cost of insurance rate, right? You have to look to something else. Based on cannot be exclusive. And that's what the norm, the 7th Circuit case held, is. You can't come up with how much are we going to charge just based on that. You have to look at something else. And that's exactly what this policy does. It says it's based on this and other things. Look to page 4. You look to page 4, and here are some of those other things. It's the actual rates per attained age. But again, another explanation point of why based on is not exclusive is that here you have a competing based on phrase. If you look at page 4 under the list of rates, it says the cost of insurance rates shown above are based on the commissioner's 1980 standard ordinary male mortality table. So you have another based on provision. You've got stacking of based on, which again, just like in slam dunk and just like in norm, shows that based on is not exclusive. Sex, attained age, and premium class are not the only factors. And even if we look at the mortality tables, your honor, a mortality table just says how long is someone going to live? You still have to look at something else to get those numerical factors. How long are they going to live, and what else? The other factors that the company takes into account. And this all gets to the point of why Ms. Anderson's construction that underlies her claim is not reasonable. There is no reasonable way to interpret that guarantee those policy cost factors to be exclusive. Can I ask you one quick question, and if this is not in the record, please tell me this is not in the record and you don't need to answer my question. Before your company sells these policies, is there any requirement of a medical exam? That is not in the record, your honor. That's a sufficient answer, thank you. The fifth point that I want to talk about is why Ms. Anderson's interpretation is not reasonable. And again, I go back to the ACE insurance, the 11th Circuit case, and it says it's not whether Ms. Anderson has alleged a possible interpretation. A possible interpretation is not enough. It has to be a reasonable interpretation, an interpretation that's fairly understood based on how the entire contract is set forth. And a requirement that we can exclusively and only look at sex, attained age, and premium class will not reasonably support her claims. I guess, though, under Georgia law, at least as I understand it, the question really is whether the insurance policy would be confusing to a layman. And would this not be a little confusing? I mean, I got to tell you, I think I'm a reasonably smart guy, not the smartest guy in the world, but a reasonably smart guy, and if I started looking for policy cost factors in this policy, I think I might have landed on age, sex, and premium class, too. Absolutely not, Your Honor. And let me explain why. And I want to be specific about Georgia contract construction. And I would refer the court to ACE American and the Grange case. And it talks about, the first question is, is there only one reasonable construction? And I contend that there is only one reasonable construction. Just so we're clear, reasonable to lawyers and judges or reasonable to a layman? To the court as a matter of law, Your Honor. So it has nothing to do with how a reasonable insured would read the policy? That's correct, Your Honor. Okay, I'm sorry, go ahead. There's a second step. If there's more than one reasonable, if there's more than one way to look at the policy, the second thing that this court has to do is apply Georgia rules of contract construction. All right? The third is, if the rules of contract construction won't explain it, then you have an ambiguity. Only then do you have an ambiguity. Only then do you start looking at, all right, how do we interpret this? Do we interpret it against the insurance company? It's only at step three you're saying is the point at which the confusion to the average layman might come in. Exactly, and again, ACE American and Grange kind of lay that out. And I haven't touched on this, and this is the second point of the argument, is even if the court struggles with two possible interpretations, the Georgia rules of contract construction, again, support our interpretation. And that is, the first one is, where there's a specific provision, that will always prevail over the general provision. How ironic that you both invoke the same canon to support your side of the case. Yes, Your Honor. And the second one is that you have to look at the contract as a whole, and you cannot render a provision meaningless. And I will tell the court that if you were to take Ms. Anderson's construction, that would render the discretion meaningless. Right? Now we've got a provision in the current monthly cost of insurance rates that's an accepted contractual term of art to grant discretion. If you apply Ms. Anderson's construction, you would render that discretion meaningless, because you would be bootstrapping on sex, attained age, and premium class. Those are fixed, essentially static factors. There could never be discretion if now you're applying those, you're bootstrapping the more general page four language to the specific language on page 13. And unless there are any other questions, I see I've run out of time. Yeah, good deal. Thank you so much. Mr. McCallum, you've got five minutes remaining. Thank you. And for the record, Judge Newsom, I do think you are smart. You know, I always chuckle a little bit when an insurance defense lawyer tries to run away from the policy, tries to explain the policy. This is what this policy means, and that's what we have here. They're trying to explain away the policy. Talking about rendering something meaningless, okay, what does their interpretation do to this statement? Actual monthly cost of insurance rates will be based on the policy cost factors described in the policy. They're saying they render that completely meaningless by saying, oh, we have complete discretion. So what does that mean? They've stuck to that whole line. Now, it's the Alleman case, Third Circuit, where the Third Circuit said in a situation or based upon sex and age, sex and age or mortality factors, and those are the exclusive factors you can look at in order to come up with the mortality rate. Ms. Anderson alleged in her complaint, apparently we're getting criticized about our allegations, that we allege that this cost of insurance rates actually had to be based upon sex, age, and premium class. The reason we allege that is the same reason that you found, Judge. Those are the only policy cost factors in scouring through this policy we find. And again, they've not come up and said, there's another policy cost factor out there. They've not done that. So we have conflicting provisions, and to find that this contract is not reasonable, susceptible to two different ratings, it clearly is. It's just one thing in one place and another thing in another place. Now, before I get too far, I do want to go slam-dunk decision. I want to talk about, briefly, the Norm case. So once we get to that point, okay. Our claim of based on is not our based upon policy cost factors, our based upon or is based upon. This policy states the monthly actual cost will be. Will be is different than are, okay. Will be means what it means. Will is mandatory. Will is mandatory under Georgia law. Will is mandatory Black's Law Dictionary. But I guess his point is that only gets you so far. I don't think he would dispute that will is mandatory, but he would say based on, he would say that means will be based on A, B, C, and however else we want. Well, that's mandatory language, will be. Are is kind of, I don't look at it in the fray of are and is based upon because that's not in my policy. In our policy, it's will be based upon. In every court, every court, and I will list them, that has looked at will be based upon, there is not one court that disagrees. You have the U case. You have the Fletcher case. You have the Bishop case. You have the Palumbo case. You have the EFG Bank case, Thompson case. All those policy languages had the same language. Will be based on. Will be. Will be based on. Not are based on or is based on. In every one of those cases, so at least, at best, there's an ambiguity there. At best, if they hadn't flat out said, hey, you must base it on it. It's plain and clear. You must base that. I mean, at best, they're saying it's ambiguous. So we have a situation where this insurance company chose its language and they chose the words will be based upon. They chose to decide to inform their insurers that the policy cost factors would be described in the policy. I mean, we didn't choose those words. I mean, we're happy to have them and thank you for doing that, but that is their language. That's not our language. So I appreciate your time today. Have a great Fourth of July and I appreciate your patience. Thank you both very much. You too. Happy Independence Day to both of you. And that case is submitted and we'll go to the fourth and final case.